Teng v. Garland

BIA
Wright, IJ
A205 041 579

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-four.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

ZHI CHAN TENG,
> *Petitioner,*

v.                                                          **22-6005**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Joshua E. Bardavid, Esq., New York, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Kathryn McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Chan Teng, a native and citizen of the People's Republic of China, seeks review of a December 22, 2021, decision of the BIA affirming a May 15, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Chan Teng,* No. A 205 041 579 (B.I.A. Dec. 22, 2021), *aff'g* No. A 205 041 579 (Immig. Ct. N.Y. City May 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions, including aspects of the IJ's decision not explicitly discussed by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's "legal conclusions *de novo*, and its factual findings . . . under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). "[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Because Teng did not allege past persecution, she had the burden to demonstrate a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). An applicant must establish that her fear "is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to [her] native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). A fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang*, 421 F.3d at 129.

An applicant can establish a well-founded fear either by showing (1) a reasonable possibility that she would be "singled out individually for persecution" or (2) a "pattern or practice" of "persecution of a group of persons similarly situated" to the applicant. 8 C.F.R. § 1208.13(b)(2)(iii); *see also Y.C.*, 741 F.3d at 332. Where, as here, a claim is based on activities undertaken after the applicant's arrival in the United States, it requires "some showing that authorities in [the

3

applicant's] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). We review the factual findings underlying the agency's decision for substantial evidence, "reversing only if no reasonable fact-finder could have failed to find that the petitioner . . . had a well-founded fear of future persecution or torture." *Jian Xing Huang*, 421 F.3d at 128 (quotation marks omitted).

Teng concedes that the Chinese authorities do not know she is a Christian. Teng argues that, if removed, she will proselytize and attend an unregistered family church in China, that there is a reasonable possibility that the Chinese government will learn of those activities and persecute her as a result, and that she established that possibility with evidence of a pattern or practice of surveillance and persecution of similarly situated Christians. Substantial evidence supports the agency's conclusion that Teng failed to establish on this record that Chinese government would learn of her Christian practice based solely on her intent to attend an unregistered family church. *See* Certified Administrative Record ("CAR") at 483–84 (2011 U.S. State Dep't Int'l Religious Freedom Rep.) (reporting Pew Research Center estimate that there are 50 to 70 million Christians who practice in unregistered "house churches" in China).

4

Moreover, as to the risk that other aspects of Teng's religious practice would draw authorities' attention, substantial evidence supports the agency's conclusion that Teng failed to demonstrate that she would proselytize extensively in China. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (the likelihood of a future event is a finding of fact). As the agency observed, even when presented with the opportunity to proselytize in the United States without fear of persecution, Teng proselytized in public only twice a year and only if those events did not conflict with other obligations. While Teng testified that she proselytized more frequently to clients at work, the IJ concluded that she failed to adequately corroborate that aspect of her claim. *See Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) (explaining that credible testimony may be insufficient to satisfy an applicant's burden if the applicant fails to present "corroboration that should be readily available"). Contrary to Teng's argument, although the BIA did not expressly address that finding, it remains part of the decision before us because the BIA did not reject it. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). Teng does not argue that corroboration of her more regular proselytizing to clients was unavailable. *See* 8 U.S.C. § 1252(b)(4) (when the IJ has identified missing evidence that should have been presented, we may reverse the agency's

5

decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable").

Moreover, while the country conditions evidence reflects abuses of Christians who practice in unregistered family churches, the agency did not err in concluding that the record Teng presented did not adequately establish a pattern of "systemic or pervasive" persecution. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining a pattern or practice of persecution as the "systemic or pervasive" persecution of a group).

While Teng argues generally that the agency overlooked evidence supporting her claim, the agency "need not expressly parse . . . each individual piece of evidence," *Manning v. Barr*, 954 F.3d 477, 486 (2d Cir. 2020) (quotation marks and ellipses omitted), and "we presume that an IJ has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The only documentary evidence Teng mentions is a U.S. State Department report—but the IJ addressed that report and reasonably concluded that it was insufficient on its own to establish a pattern or practice of persecution. *See* CAR at 486 (2011 U.S. State Dep't Int'l Religious Freedom Rep.).

Because Teng failed to establish an objectively "reasonable possibility" that Chinese officials will become aware of her religious practice or that there is a pattern or practice of persecution of similarly situated Christians, the agency did not err in concluding that she failed to establish a well-founded fear of persecution on account of her religion. *Hongsheng Leng*, 528 F.3d at 142–43; *see also* 8 C.F.R. § 1208.13(b)(2)(iii). That finding was dispositive because Teng's failure to meet her burden of showing a well-founded fear for asylum means that she "necessarily" failed to meet the higher burdens for withholding of removal and CAT relief.[1] *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] It is therefore unnecessary for us to address the BIA's finding that Teng waived her CAT claim on appeal, or the Government's argument that Teng's CAT claim is both unexhausted and waived. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").